IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TREMONT CHICAGO, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 24-10844 (LSS)<br><br>Re: D.I. 61 |

**MOTION FOR AN ORDER AUTHORIZING LMREC IV NOTE HOLDER, INC. TO FILE UNDER SEAL ITS MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE OR, IN THE ALTERNATIVE, TO DISMISS THE BANKRUPTCY CASE FOR CAUSE PURSUANT TO SECTION 1112 OF THE BANKRUPTCY CODE**

LMREC IV Note Holder, Inc. ("LMREC"), as senior secured lender to the Debtor, hereby moves (the "Motion to Seal") this Court for entry of a proposed order (the "Proposed Sealing Order"), substantially in the form attached hereto as **Exhibit A**, pursuant to section 107(b)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing LMREC to file under seal the *Motion of LMREC IV Note Holder, Inc. for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code, or, in the Alternative, to Dismiss the Bankruptcy Case for Cause Pursuant to Section 1112 of the Bankruptcy Code* (D.I. 61) (the "Motion for Stay Relief"). In support of this Motion to Seal, LMREC respectfully states as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 5403. The location of the Debtor's operations is 100 E. Chestnut St., Chicago, IL 60611.

**SUMMARY OF MOTION**

1.     On April 30, 2024, LMREC filed an objection (the "Objection") [D.I. 25] to the *Emergency Motion Pursuant to Sections 361 and 363 of the Bankuptcy Code and Bankruptcy Rule 4001 for Interim and Final Orders: (1) Authorizing Use of Cash Collateral; (2) Scheduling Final Hearing; and (3) For Related Relief* (D.I. 13) (the "Cash Collateral Motion"). LMREC intended to introduce the City Contract[2] into evidence in support of the Objection. The Debtor indicated that the City Contract was confidential. Accordingly, at the first day hearing, the City Contract was admitted into evidence as a sealed exhibit.

2.     As set forth in greater detail below, in support of the Motion for Stay Relief, LMREC offers the Appraisal Report which summarizes the confidential information contained in the City Contract and also includes the City Contract itself. Due to the Debtor's statement that the City Contract is confidential, LMREC files this Motion to Seal to seal the City Contract and redact the discussion of the City Contract in the Appraisal Report.

**JURISDICTION AND VENUE**

3.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9013-1(f), LMREC consents to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

---

[2]    Capitalized terms used but not otherwise defined shall have the meanings ascribed to such terms in the Motion for Stay Relief.

2

4.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.  The statutory predicates for the relief requested herein is section 107(b) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9018 and Local Rule 9018-1.

## BACKGROUND RELEVANT TO THIS MOTION TO SEAL

6.  On April 22, 2024 (the "Petition Date"), Tremont Chicago, LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").

7.  On April 26, 2024, the Debtor submitted the *Declaration of Michael A. Collier in Support of First Day Motions* [D.I. 18] (the "First Day Declaration").

8.  The Court held a first day hearing on April 30, 2024 ("First Day Hearing"), and scheduled the second day hearing for May 29, 2024, at 10:00 a.m. (ET).

9.  The Office of the United States Trustee ("U.S. Trustee") filed a *Notice of Appointment of Creditors' Committee* [D.I. 47] on May 7, 2024, and then, filed an *Amended Notice of Appointment of Creditors' Committee* [D.I. 49] on May 8, 2024.

10. On May 15, 2024, LMREC filed the Motion for Stay Relief. Attached to the Motion for Stay Relief, as Exhibit C, is the *Declaration of Bryan Younge of Newmark Valuation & Advisory Regarding Appraisal of the Tremont Hotel* (the "Younge Declaration"). Attached to the Younge Declaration as Schedule 1 is the Appraisal Report (the "Appraisal Report" or the "Confidential Information"). The Appraisal Report refers to and summarizes the City Contract. The City Contract itself is included in the Appraisal Report.

## BASIS FOR RELIEF

11. Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize LMREC to file the Motion for Stay Relief under seal. Section 107(b)(1) provides that "[o]n request

3

of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b).

12. Local Rule 9018-1(b) additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

13. Section 107(b) of the Bankruptcy Code does not require the entity seeking protection to demonstrate "good cause." *See Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 28 (2d Cir. 1994). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, a court is required to protect the requesting party and has no discretion to deny the request. *Id.* at 27 (holding that, once the court determines that a party is seeking protection of information that falls within the ambit of section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application").

14. Thus, under section 107(b) of the Bankruptcy Code, an interested party need only show that the information it wishes to protect is "'confidential' and 'commercial' in nature." *Id*. In granting motions to seal with respect to "commercial information," courts have defined this term as information that would, "if subject to disclosure, [would] 'unfairly benefit' that entity's competitors." *In re Altegrity, Inc.*, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015). Courts have held that disclosure of information that provides insight into an entity's "strategic decision making" could unfairly benefit its competitors and should be sealed. *See In re Dreier LLP*, 485 B.R. 821, 823 (Bankr. S.D.N.Y. 2013) (sealing excerpt of deposition transcript of hedge fund manager wherein he described how investments were made, finding that disclosure of this "strategic decision making" would provide an unfair advantage to competitors); *In re Am. Bus.*

4

*Fin. Servs., Inc.*, 2008 WL 3906894, at *4 (Bankr. D. Del. Aug. 20, 2008) (sealing credit committee's analysis of credit applications because disclosure of such information could enable competitors to capitalize on the committee's knowledge and experience).

15. Further, the Court has defined "commercial information" as "information which would result in 'an unfair advantage to competitors by providing them with information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Orion Pictures*, 21 F.3d at 27–28).  Commercial information does not need to rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code.  *Orion Pictures*, 21 F.3d at 28.  It need only be confidential and commercial in nature.  *See id.* (noting that an interested party must show only that the information to be sealed is "confidential and commercial" in nature).

16. According to the Debtor, the City Contract is confidential thus warranting protection under section 107(b).  Thus, LMREC respectfully requests that the Court enter the Proposed Sealing Order authorizing LMREC to file the City Contract under seal and a redacted version of the Appraisal Report to maintain the confidentiality of the City Contract.

### CERTIFICATION OF COUNSEL

17. Pursuant to Local Rule 9018-1(d)(iv)(a) counsel for LMREC conferred with counsel to the Debtor regarding the confidential nature of the City Contract.  The Debtor asserts the City Contract is confidential and, therefore, LMREC will file the City Contract under seal and redact the discussion of the terms of the City Contract in the Appraisal Report.

### NOTICE

18. LMREC will serve a copy of this Motion to Seal on (a) the U.S. Trustee; (b) counsel for the Debtor; (c) counsel for the official committee of unsecured creditors; and (d)

through the Court's CM/ECF electronic noticing system to all parties that have requested notice in these cases. LMREC respectfully submits that no further notice is necessary.

## **CONCLUSION**

19.    For the foregoing reasons, LMREC respectfully requests the Court enter an order, substantially in the form attached hereto as **Exhibit A** granting the relief requested in this Motion to Seal and granting such further relief as the Court may deem necessary or proper.

| | |
|---|---|
| Dated: May 20, 2024<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Curtis S. Miller*<br>Curtis S. Miller (No. 4583)<br>Matthew B. Harvey (No. 5186)<br>Scott D. Jones (No. 6672)<br>1201 North Market Street, Suite 1600<br>Wilmington, DE 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br>Email: cmiller@morrisnichols.com<br>       mharvey@morrisnichols.com<br>       sjones@morrisnichols.com<br><br>*Counsel for LMREC IV Note Holder, Inc.* |